THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHROME HEARTS LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 26 C 497 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| *Defendants*. | ) | |

**OPINION AND ORDER**

Plaintiff Chrome Hearts LLC ("Chrome Hearts"), a luxury retail brand, filed this "Schedule A" action against 92 e-commerce companies, alleging trademark and copyright infringement, counterfeiting, and false designation of origin. Following the Court's issuance of a preliminary injunction, Defendants CYGG Jewelry, JUYANG Jewelry, LCYZ Jewelry, Radiant Jewelry Trade, WLCL Jewelry, and ZRRS Jewelry (together, "Moving Defendants") appeared and moved to dismiss the claims against them for improper joinder or, in the alternative, to sever. For the foregoing reasons, the Motion [44] is granted.

**BACKGROUND**

Chrome Heart alleges that Defendants advertised and sold products on various Internet storefronts that infringed upon its trademarks and copyrights. (Dkt. 1). In January 2026, shortly after the case was filed, the Court entered a temporary restraining order ("TRO"). (Dkt. 26). On February 10, 2026, the Court granted Chrome Hearts' motion for a preliminary injunction. (Dkt. 41). Two weeks later, Moving Defendants appeared and moved to dismiss or sever the claims against them. (Dkt. 44). They assert that they are a discrete group of co-owned entities with no relationship to the other Defendants. (*Id.* at 4-7). As such, Moving Defendants argue, they were

1

improperly joined with the other Defendants in this action. (*Id.*). Before the Motion was fully briefed, the Court entered a default judgment order against all Defendants other than Moving Defendants ("Defaulted Defendants") and three Defendants who have since been dismissed from the case. (Dkts. 66, 68, 71).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 20, a plaintiff may join two or more defendants in a single action if: (1) the claims against the defendants are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there exists a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). Plaintiffs have the burden of establishing proper joinder. *Art Ask Agency v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, 2021 WL 5493226, at *1 (N.D. Ill. Nov. 23, 2021) (citing Fed. R. Civ. P 20(a)(2)).

When applying Rule 20, "[a] district judge necessarily has considerable discretion." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). This discretion, however, is not unlimited as "[u]nrelated claims against different defendants belong in different suits." *Id*. If a court finds that joinder is not proper, it may sever parties on its own, direct the plaintiff to remedy the issue, or dismiss the improperly joined parties from the action. *See* Fed. R. Civ. P. 21; *see also UWM Student Ass'n*, 888 F.3d at 864; *Art Ask Agency*, 2021 WL 5493226, at *2. Severance is more appropriate than dismissal if dismissal would result in "gratuitous injury to the plaintiff." *Mansoori v. Patel*, 2022 WL 683667, at *2 (N.D. Ill. Mar. 8, 2022) (citing *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)).

**DISCUSSION**

Chrome Hearts makes two arguments unrelated to the merits of joinder. First, it argues that misjoinder is not a ground for dismissal and cannot be raised by a motion to dismiss. (Dkt. 67 at 2). As discussed above, the Seventh Circuit has interpreted Rule 21 to mean that a court may dismiss defendants without prejudice should it find that they were not properly joined. Chrome Hearts also argues that Moving Defendants' misjoinder arguments are moot because they are the only remaining defendants in this case. (Dkt. 67 at 2). Moving Defendants disagree. (Dkt. 70 at 1).

Joinder is assessed using the allegations in a plaintiff's complaint. *See Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2024 WL 2953105, at *2 (N.D. Ill. June 6, 2024). In contesting joinder, Moving Defendants challenge the sufficiency of Chrome Hearts' Complaint, which is still operative even if all other Defendants are defaulted or have been dismissed. Accordingly, the Court will reach the merits of Moving Defendants' arguments. *Cf., GZ Long Ya Trading Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 2025 WL 622926, at *2 (N.D. Ill. Feb. 26, 2025) (denying motion to dismiss for misjoinder as moot where moving defendant was the only remaining defendant in the case and did not contest that its misjoinder arguments were moot); *Ollison v. Wexford Health Sources, Inc.*, 2016 WL 6962841, at *9 (N.D. Ill. Nov. 29, 2016) (motion to sever denied as moot where claims against moving defendants were dismissed from the suit).

Moving Defendants argue that they should be severed or dismissed from this case because Chrome Hearts has failed to adequately allege that the claims against them arise out of the same transaction or occurrence as the claims against Defaulted Defendants. (Dkt. 44 at 4-7). In support, they assert that they are six co-owned seller aliases unrelated to any of the Defaulted Defendants. (*Id.* at 2). They also contend that joinder would prejudice them and burden the court. (*Id.* at 8).

3

Moving Defendants submitted an affidavit from their common owner identifying himself as such and denying any communication, coordination, or relationship between Moving Defendants and Defaulted Defendants. (Ex. A, Decl. of Zhen Wu, Dkt. 44).

Claims against different defendants arise out of the same transaction or occurrence when there is a "logical relationship between the separate causes of action." *Estée Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (citing *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012)); *see also Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *8 (N.D. Ill. Mar. 7, 2013) (Kendall, J.) A logical relationship exists between claims when there are "shared, overlapping facts that give rise to each cause of action," not just "distinct, albeit coincidentally identical, facts." *Estée Lauder*, 334 F.R.D. at 185 (quoting *In re EMC Corp.*, 677 F.3d at 1358). The joinder inquiry involves a case-by-case assessment of the facts and circumstances and balancing key factors—fundamental fairness to plaintiffs, judicial economy, and avoiding prejudice to defendants. *See, e.g., Viking Arm AS*, 2024 WL 2953105, at *2.

Chrome Hearts fails to establish a logical relationship between Moving Defendants and Defaulted Defendants. First, Chrome Hearts alleges "on information and belief" that Defendants operate e-commerce stores jointly or individually under the same seller aliases. (Dkt. 1 ¶ 25). Courts have found the logical relationship test satisfied where a plaintiff plausibly alleges that defendants are "corporately related." *See Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2021 WL 2690873, at *1 (N.D. Ill. June 9, 2021). For example, joinder is proper if defendants have a common owner. *See, e.g., Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Asso'ns Identified on Schedule A Hereto*, 2024 WL 1858592, at *6 (N.D. Ill. Apr. 29, 2024) ("Defendants 14 and 17

4

have common ownership and Defendants 15 and 16 have common ownership, so joinder would be proper for those Defendants"). Common ownership be established with evidence that the same company is selling similar counterfeit products under different names and on separate websites. *See, e.g., Bailie v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 734 F. Supp. 3d 798, 805 (N.D. Ill. 2024). In *Bailie,* the plaintiffs provided the court with purchase receipts from four defendants that came from the same email address and showed that the same company was paid for each purchase, which was enough for the defendants to be properly joined. *Id.* Moving Defendants acknowledge that they are seller aliases of the same owner, so they can be joined with each other. But Moving Defendants deny any corporate relationship or connection with the Defaulted Defendants, (Ex. A, Decl. of Zhen Wu, Dkt. 44-1 ¶ 4), and Chrome Hearts does not offer any evidence to counter this.

Chrome Hearts also asserts that Defendants' allegedly infringing activities all occurred "at the same time and in the same retail space and manner as one another" and that all Defendants "employ and benefit from substantially similar advertising and marketing strategies." (*Id.* ¶¶ 3, 29, 33). Courts in this District agree that plaintiffs cannot satisfy joinder requirements by "merely alleging that multiple defendants have infringed the same patent or trademark." *Art Ask Agency*, 2021 WL 5493226, at *2 (collecting cases). Additionally, allegations that defendants infringed in the same way are not sufficient to "link one defendant's infringement to another as part of the same transaction, occurrence, or series of transactions or occurrences." *Tang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2024 WL 68332, at *2 (N.D. Ill. Jan. 4, 2024); *see also Viking Arm AS*, 2024 WL 2953105, at *3 (holding that "counterfeiters copying the marketing and advertising on similar websites simply does not establish a logical relationship between every Defendant") (internal citation omitted). Neither are allegations that defendants used

the same website to infringe. *See Zaful (Hong Kong) Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A*, 2025 WL 71797, at *5 (N.D. Ill. Jan. 10, 2025) ("As far as this Court can tell, no court has found joinder appropriate just because the defendants used the same website to infringe."); *Roadget*, 2024 WL 1858592, at *6 (holding that allegations that defendants all participated in the same mass infringement by selling products on the same online platform did not establish joinder). As such, Chrome Hearts has not established that Moving Defendants are corporately related to any Defaulted Defendants.

Chrome Hearts also claims that all Defendants regularly register or acquire new "seller aliases" to conceal their identities and avoid enforcement, operate under the same payment accounts, and communicate with each other on chat rooms and websites to share infringement and evasion tactics. (Dkt. 1 ¶¶ 32, 34, 35). Courts have rejected similar allegations about the use of chat rooms where plaintiffs failed to offer any evidence to support their claims. *See, e.g. Roadget*, 2024 WL 1858592, at *7. Moving Defendants explicitly denied ever participating in chat rooms with Defaulted Defendants or otherwise coordinating with them. (Ex. A, Decl. of Zhen Wu, Dkt. 44-1¶¶ 5-6), and Chrome Hearts offers nothing to counter this assertion. Moving Defendants denied Chrome Hearts other allegations, asserting that they operate entirely independently from Defaulted Defendants and do not share any payment accounts with them. (Ex. A, Decl. of Zhen Wu, Dkt. 44-1¶¶ 7-8). Even if these allegations were plausible, they would not support joinder. *See, e.g, Zaful*, 2025 WL, at *5 (holding that allegations of defendants using common tactics to avoid identification do not support a finding of coordination); *See Tang*, 2024 WL 68322, at *2 ("[T]hat the defendants use the same accepted payment and checkout methods and hosting services. . . is . . . not an indicator that they are part of a network of infringers.").

6

Finally, courts have held that joinder is improper where information provided by plaintiffs shows that defendants do not use the same photographs, product descriptions, or prices in their online storefronts. *See, e.g., Estée Lauder*, 334 F.R.D. at 188; *Zaful*, 2025 WL 71787, at *5; *Tang*, 2024 WL 68332, at *2. Plaintiffs submitted screenshots of each Defendant's online storefront as evidence of their alleged infringing activities. (Dkts. 16-1, 16-2). A review of this information indicates that some of the Moving Defendants use the same photographs, product descriptions, and prices as one another. (Dkt. 16-1 at 122-25, 182-88); (Dkt. 16-2 at 108-11, 158-60). This is further support for what Moving Defendants concede and what this Court already held: Moving Defendants can be properly joined with each other. Yet, the information on Moving Defendants' storefronts is not the same as what is depicted on Defaulting Defendants' storefronts. (Dkts. 16-1, 16-2). Even if it was, this would not establish that Moving Defendants are the same as Defaulted Defendants or are working with them. *See Estée Lauder*, 334 F.R.D. at 188 (holding that selling similar products does not establish joinder because, in infringement cases, "it is not a surprise that the counterfeited end-results—along with their images and descriptions—would be similar"); *Pathway IP LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Attached Schedule A*, 2025 WL 815648, at *4 (N.D. Ill. Mar. 13, 2025) (allegations that defendants' product descriptions "use the same or similar wording and/or the same pictures" were not sufficient for joinder).

Chrome Hearts does not address Moving Defendants' arguments that it failed to establish sufficient coordination between the other Defendants and them. Instead, it asserts that it has properly alleged joinder under *Bose Corp. v. P'ships, et al.*, 334 F.R.D. 511, 515-17 (N.D. Ill. 2020) (Durkin, J.). (Dkt. 67 at 2-3). In its Complaint, Chrome Hearts alleges that all Defendants' activities constitute the same occurrence because they "occur[ed] at the same time and in the same

7

retail space and manner as one another, blend[ing] together to create a single negative impression on consumers." (Dkt. 1 ¶¶ 3, 33). It also claims that Defendants "are collectively causing harm to [its] goodwill and reputation because the effect of their unlawful actions taken together amplifies each harm and creates a single negative consumer impression." (*Id.* ¶ 33). These allegations, Chrome Hearts argues, show that all Defendants attacked its intellectual property in a "swarm," which constitutes an occurrence for the purpose of joinder, even without any coordination. (Dkt. 67 at 2-3) (citing *Bose*, F.R.D. at 516-17). This reliance on *Bose* is misplaced, however, because the reasoning from that case does not apply here.

In *Bose,* the court permitted joinder of 17 defendants alleged to have infringed on Bose's trademarks by selling counterfeit versions of its products. 334 F.R.D. at 517. It recognized that Bose failed to plausibly allege a "transactional link" among the defendants, noting that allegations of similar storefronts, shared counterfeiting tactics, and common use of e-commerce platforms were not enough by themselves to prove concerted action. *Id.* at 514-15. Nonetheless, the court reasoned that Rule 20's inclusion of the term "occurrence" suggests that joinder may be appropriate in cases where defendants participate in "unlawful occurrences," even without any express "transactional" coordination among the attackers. *Id.* at 516. Relying on terminology from a case involving BitTorrent users,[1] the court explained that such an occurrence could be an internet-enabled "swarm" that collectively inflicts mass harm on a trademark owner even without explicit coordination among participants. *Id.* at 516. Because the defendants allegedly participated

---

[1] BitTorrent software makes identical copies of one file that are simultaneously uploaded and downloaded by connected groups of file sharers known as "swarms." *Bose*, 334 F.R.D. at 515. In *AF Holdings, LLC v. Does 1-1058*, the D.C. Circuit held that BitTorrent file-sharers could not be joined as defendants unless the plaintiff alleged that they participated "in the same swarm at the same time." 752 F.3d 990, 998 (D.C. Cir. 2014). The Court reasoned that file-sharers who did not fit this description engaged in entirely separate transactions, like "individuals who play at the same blackjack table at different times." *Id.* The *Bose* court held that this reasoning did not apply to the attacks Bose faced, which were more akin to games of "whack-a-mole." *Bose*, 334 F.R.D. at 517.

in this type of swarm—an interconnected, anonymous wave of online counterfeit sales targeting Bose's trademarks at the same time—the court found joinder proper. *Id.* at 516-17.

Importantly, the court's decision in *Bose* was informed by the fact that "[p]robably none of the Defendants will ever make an appearance in this case and the default judgment process will determine the case's outcome in its entirety." 334 F.R.D. at 517. It caveated that, if any defendant appeared and raised defenses that differentiated it from the "swarm," the court would sever them in the interest of fairness. *Id.* That is exactly what happened in *Tang*, where Judge Durkin significantly narrowed the reach of *Bose* by holding that the "swarm" theory does not apply in cases involving infringement by distinct competitors. 2024 WL 68332, at *3. The court noted that the moving defendants had distinguished themselves from the "swarm" by appearing and defending against joinder. *Id.*

Similarly, here, Moving Defendants appeared to challenge joinder and have distinguished themselves as six jointly owned companies with no connection to the Defaulted Defendants. (Dkt. 44 at 2). Chrome Hearts even conceded that joinder would be inappropriate if any Defendants came forth with identifying information that distinguished them from the others. (Dkt. 1 ¶ 25) ("If Defendants provide additional credible information regarding their identities, Chrome Hearts will take appropriate steps to amend the Complaint."). Moving Defendants did just that. As such, *Bose* is of no help to Chrome Hearts. *See, e.g., Roadget*, 2024 WL 1858592, at *6 (N.D. Ill. Apr. 29, 2024) (holding that *Bose* did not apply where defendants appear to contest plaintiff's infringement claims); *Chen v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2025 WL 47972, at *10 (N.D. Ill. Jan. 8, 2025) (holding that *Bose* did not apply and finding that a group of defendants who appeared and moved to sever were "distinct competitors who independently sell products that allegedly infringe[d]" upon the plaintiff's products).

9

"While the law of joinder does not necessarily require temporal overlap or specific knowledge of other defendants, it does require more than mere allegations that two or more unrelated defendants stole the same product in the same way without ever interacting with one another." *Malibu Media*, 2013 WL 870618, at *13. Chrome Hearts believes that Moving Defendants are properly joined in this action because they allegedly infringed on its products in the same way as Defaulted Defendants. These allegations are not enough, especially in light of Chrome Hearts' concession that it cannot show coordination among any Defendants. (Dkt. 67 at 3) (arguing that joinder is proper even absent coordination); *see Estée Lauder*, 334 F.R.D ("[O]ne defendant's alleged infringement does not arise out of the same transaction, occurrence, or series of transactions of occurrences as another defendant's unrelated infringement.") (internal citation omitted).

Accordingly, the court finds that Chrome Hearts has failed to establish that its claims against Moving Defendants arise from the same transaction or occurrence as its claims against Defaulted Defendants. As such, Chrome Hearts improperly joined Moving Defendants in this action. Since Moving Defendants can be properly joined in one separate action, leaving nothing left to do in this case, there are no concerns about judicial economy. The burden on Chrome Hearts to pay an additional filing fee does not outweigh the fundamental unfairness of forcing Moving Defendants to stay in a case that does not involve them. Therefore, the Court grants Moving Defendants' Motion and severs them from this case. *See Malibu Media*, 2013 870618, at *16 (severing improperly joined defendants into new case); *Chen*, 2025 WL 47972, at *11 (same).

## **CONCLUSION**

For the reasons stated above, the Court grants Moving Defendants' Motion to Sever [44]. The Clerk is ordered to sever Defendants CYGG Jewelry, JUYANG Jewelry, LCYZ Jewelry, Radiant Jewelry Trade, WLCL Jewelry, and ZRRS Jewelry from this action and open a new case against them. Chrome Hearts is directed to file an amended complaint in the new case containing only its claims against Moving Defendants.

_____

Virginia M. Kendall

United States District Judge

Date: May 18, 2026

11